

John P. Margiotta (JM 7356)
Michael Chiappetta (MC 7644)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
(212) 813-5900

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

TAG Heuer, S.A.,

                               Plaintiff,

    -against-

Freha, Inc. d/b/a Diamonds &
Dials and Adam Gindy

                          Defendants.

-------------------------------------------------------------x

Civil Action No.

COMPLAINT

Plaintiff TAG Heuer, S.A. ("TAG Heuer" or "Plaintiff"), by its attorneys, Fross Zelnick Lehrman & Zissu, P.C., for its complaint alleges:

## NATURE OF THE ACTION

1.    This action arises out of defendants' unauthorized use of the TAG HEUER mark and marks that include the mark TAG HEUER (the "TAG HEUER Marks") in connection with the promotion and sale of wristwatches, defendants' misrepresentations to customers that they are authorized dealers of TAG HEUER products and defendants' misrepresentations to customers that their products sold under the TAG HEUER Marks are covered by a manufacturer's warranty.

2.    Plaintiff's claims include trademark infringement under Section 32(1) of the

{F0068464.1 }

Lanham Act, 15 U.S.C. § 1114(1), unfair competition under Section 43(a) of the Lanham Act, 15

U.S.C. § 1125(a) and unfair competition under New York common law.  Plaintiff seeks

injunctive relief and damages.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. §

1121, under Sections 1331, 1338, and 1367 of the Judicial Code, 28 U.S.C. §§ 1331, 1332(a)(2),

1338, and § 1367, and under principles of pendent jurisdiction.

4.      Venue is proper in this district under Section 1391(b) of the Judicial Code, 28

U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claims,

including the infringing and unlawful conduct complained of herein, occurred in this district, and

defendants are transacting business in this district, including the operation of retail stores through

which defendants are engaging in their unlawful conduct.

## THE PARTIES

5.      Plaintiff TAG Heuer S.A. ("TAG Heuer") is a corporation organized and existing

under the laws of Switzerland with a principal place of business at 6A, Rue Louis-Joseph

Chevrolet, CH – 2300 La Chaux-de-Fonds, Switzerland.  As set forth herein, TAG Heuer is the

owner of all rights and interest in the TAG HEUER Marks.

6.      On information and belief, defendant Freha, Inc. d/b/a Diamonds & Dials, is a

company organized and existing under the laws of New York, with its principal place of business

at 106 West 34th Street, New York, New York 10001.

7.      On information and belief, defendant Adam Gindi is an individual and owner of

defendant Freha, Inc. d/b/a Diamonds & Dials.  On further information and belief, Adam Gindi

has a principal place of business at 106 West 34th Street, New York, New York 10001.

2

8.    Defendants Freha, Inc. d/b/a Diamonds & Dials and Adam Gindi shall be hereinafter referred to collectively as "Defendants."

FACTS COMMON TO ALL CLAIMS FOR RELIEF

Plaintiff's TAG HEUER Trademark

9.    TAG Heuer, through and in connection with related companies, including LVMH Watch & Jewelry USA, a Delaware corporation, manufacture, sell and distribute a wide variety of watches and timepieces of the highest quality under the TAG HEUER Marks. TAG Heuer and its predecessors have been dedicated to and renowned for their high-precision measurement of time since the founding of the company in 1860 by Edouard Heuer. From the very first patented chronograph mechanism in 1882 to the world's first water resistant chronograph and to its introduction in 2004 of the revolutionary Monaco V4 automatic movement, the TAG HEUER brand has been at the forefront of some of the most spectacular innovations in watchmaking history.

10.    All of TAG Heuer's wristwatch products sold under the TAG HEUER Marks are exclusively manufactured in Switzerland under the stringent quality controls of TAG Heuer. LVMH Watch & Jewelry USA is TAG Heuer's exclusive distributor of TAG HEUER products in the United States.

11.    Through its authorized United States distributor, TAG Heuer sells wristwatches and timekeeping products under the TAG HEUER Marks in the United States through a network of authorized retailers that satisfy certain criteria and that are carefully selected. Plaintiff guarantees the authenticity of, and provides a manufacturer's warranty for, merchandise purchased through authorized retailers of TAG HEUER products.

12.    Over the course of decades, Plaintiff has invested tens of millions of dollars in

3

extensively advertising products under the TAG HEUER Marks in magazines, newspapers, in stores, on the Internet and in other media worldwide, including the official TAG HEUER website at www.tagheuer.com. In 2006 alone, Plaintiff expended many millions of dollars advertising and promoting its TAG HEUER wristwatches in the United States, including in connection with prominent advertising campaigns featuring celebrity spokespersons Tiger Woods, Uma Thurman, Maria Sharapova and Jeff Gordon.

13.    As a result of extensive, long and continuous efforts by Plaintiff, the TAG HEUER Marks have become extremely well known to the public and the trade as identifying and distinguishing Plaintiff's products. In addition, the TAG HEUER Marks have come to be associated by the public and the trade with products that are of the very highest quality and reputation. Plaintiff places an enormous value on the TAG HEUER Marks and the goodwill of the business associated therewith.

14.    TAG Heuer owns numerous registrations for the TAG HEUER Marks on the Principal Register in the United States Patent and Trademark office, including the following:

| REG. NO. | MARK | DATE OF ISSUE |
|----------|------|---------------|
| 1,471,988 | TAG HEUER and Design | Jan. 12, 1988 |
| 2,281,436 | TAG HEUER | Sept. 28, 1999 |
| 2,484,514 | TAG HEUER (and Design) | Sept. 4, 2001 |
| 2,787,874 | TAG HEUER (and Design) | Dec. 2, 2003 |

True and correct printouts from the U.S. Patent and Trademark Office database reflecting these

registrations are annexed hereto as Exhibit A.

15.    The foregoing registrations are valid and subsisting and are in full force and effect. In addition, TAG Heuer's exclusive right to use the TAG HEUER Marks on the goods named in the first three of the above-listed registrations has become "incontestable" under federal law, 15 U.S.C. §1065.

Defendants' Unlawful Conduct

16.    On information and belief, Defendants own and operate a retail jewelry store in New York, New York. Defendants are not authorized retailers of TAG HEUER products.

17.    On information and belief, Defendants offer for sale and sell TAG HEUER wristwatches and use point-of-sale materials and signage that prominently bear the TAG HEUER Marks, signage that is only provided to authorized retailers. On further information and belief, Defendants and their salespersons represent to customers that Defendants are authorized retailers of TAG HEUER products and that Defendants' TAG HEUER products are backed by a manufacturer's warranty. Because Defendants are not authorized retailers of TAG HEUER products, both of these representations are false.

18.    On or around November 8, 2006, Plaintiff's counsel sent a letter to Defendants demanding that Defendants discontinue their unlawful conduct and in January 2007, defendant Adam Gindi represented that Defendants would permanently refrain from representing to customers that they are authorized dealers of TAG HEUER products and from any further use of signage bearing the TAG HEUER mark. Notwithstanding these representations, on information and belief, Defendants continue to represent that they are authorized retailers of Plaintiff's TAG HEUER products and continue to use the TAG HEUER mark on signage in a manner that falsely suggests they are authorized dealers or that they are affiliated with Plaintiff or have obtained

5

Plaintiff's approval to use the TAG HEUER marks.

19.    In view of these communications, Defendants are well aware of Plaintiff's

exclusive rights in and to the TAG HEUER Marks, that they are not authorized retailers of TAG

HEUER products and that their products are not backed by a manufacturer's warranty.   Upon

information and belief, Defendants have engaged in and are continuing to engage in the above

conduct willfully, deliberately, and with an intent to misappropriate Plaintiff's goodwill and

deceive consumers.

20.    These acts have caused and will continue to cause irreparable injury to Plaintiff

unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

FIRST CLAIM FOR RELIEF
FEDERAL TRADEMARK INFRINGEMENT
(15 U.S.C. § 1114(1))

21.    Paragraphs 1-20 above are realleged and incorporated as if fully set forth herein.

22.    Defendants' offering for sale, advertising, sale and distribution of wristwatches

and any other products under the TAG HEUER marks without Plaintiff's authorization, and their

use of the TAG HEUER Marks in connection with the advertisement, promotion and display of

such products without Plaintiff's authorization, are likely to cause confusion, mistake or

deception as to the source, sponsorship or authorization of Defendants' goods.

23.    As a result of Defendants' unauthorized use of TAG Heuer's federally registered

TAG HEUER Marks, the public is likely to believe that Defendants are authorized to sell TAG

HEUER products, when they are not.  Such use falsely represents Defendants as being

legitimately connected with and/or authorized by Plaintiff and places beyond Plaintiff's control

their own reputation and ability to control the use of their TAG HEUER Marks or the quality of

the products bearing those marks.

6

24.     Defendants' aforesaid conduct constitutes infringement of TAG Heuer's registered TAG HEUER Marks and such conduct is willful, intended to reap the benefit of the goodwill of Plaintiff, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

25.     The aforesaid conduct of Defendants is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation, and will continue both to damage Plaintiff and to deceive and threaten harm to the public unless permanently enjoined by this Court.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

26.     Paragraphs 1-25 above are realleged and incorporated by reference as if set forth in full.

27.     Defendants' unauthorized sale of wristwatches bearing the TAG HEUER Marks, their misrepresentation to consumers that they are authorized dealers of TAG HEUER products and their misrepresentation to consumers that their products are backed by a manufacturer's warranty constitute unfair competition, false descriptions of fact and false representations that Defendants are affiliated with or connected to Plaintiff, that Defendants' sale of TAG HEUER products is approved, sponsored or endorsed by Plaintiff and that Defendants' goods are guaranteed by Plaintiff.

28.     As a result of Defendants' aforesaid conduct, the public is likely to believe that Defendants are legitimately affiliated, connected, or associated with and/or authorized by Plaintiff, when they are not, placing beyond Plaintiff's control its own reputation and the use of the TAG HEUER Marks.  Further, consumers will be deceived to think that TAG HEUER products purchased from Defendants are backed by a manufacturer's warranty.

7

29.    Defendants' aforesaid conduct is willful, intended to reap the benefit of the goodwill of plaintiff, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

30.    Defendants' aforesaid conduct is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation, and will continue both to damage Plaintiff and to deceive and threaten harm to the public unless permanently enjoined by this Court. Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

31.    Paragraphs 1-30 above are realleged and incorporated by reference as if set forth in full.

32.    Defendants' unauthorized sale of wristwatches bearing the TAG HEUER Marks, their misrepresentation to consumers that they are authorized dealers of TAG HEUER products and their misrepresentation to consumers that their products are backed by a manufacturer's warranty constitute false designations of origin, false representations of fact and false representations that Defendants' products are made, offered, authorized, endorsed, sponsored or guaranteed by or otherwise connected with Plaintiff.

33.    Defendants' aforesaid acts constitute unfair competition with Plaintiff in violation of the common law of New York.

34.    Defendants' aforesaid conduct is causing immediate and irreparable injury to Plaintiffs and to its goodwill and reputation, and will continue both to damage Plaintiff and to deceive and threaten harm to the public unless permanently enjoined by this Court. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment as follows:

A.    That Defendants, their principals, employees, agents, officers, directors, shareholders, attorneys, representatives, successors and assigns, and all persons in active concert or participation with any of them, be permanently enjoined from:

(1)    Using any trademarks of TAG Heuer, including the TAG HEUER Marks, or any reproduction, copy, counterfeit, variation, colorable imitation or simulation of the TAG HEUER Marks, either alone or in combination with any other designation, on or in connection with any business, goods or services, and otherwise from infringing or diluting Plaintiff's names, trademarks, trade dress or reputation;

(2)    Applying to register or registering any trademarks of TAG Heuer, including the TAG HEUER Marks, or any reproduction, copy, counterfeit, variation, colorable imitation or simulation of any of the TAG HEUER Marks, either alone or in combination with any other designation, on or in connection with any business, goods or services.

(3)    Using, authorizing or aiding in any way any third party to use any false designation of origin or false description, or performing any act which can, or is likely to, mislead members of the public or the trade to believe that a product offered by Defendants is in any manner associated or connected with Plaintiff, or sponsored, approved or authorized by Plaintiff or that a product offered by Plaintiff is in any manner associated or connected with Defendants;

(4)    Representing to any third party that any of Defendants is an authorized retailer of Plaintiff or that Defendants' products are backed by a manufacturer's warranty offered by Plaintiff;

(5)    Transferring, consigning, selling, shipping or otherwise moving any

goods, packaging or other materials in Defendants' possession, custody or control bearing a design or mark substantially similar to Plaintiff's trademarks, including the TAG HEUER Marks;

(6)    Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's trademarks, or of Plaintiff's rights in, or to use or exploit, TAG Heuer's trademarks; and

(7)    Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (7) above.

B.    That Plaintiff be granted such other relief as the Court may deem appropriate to prevent the public and the trade from deriving the erroneous impression that Defendants are authorized by Plaintiff to sell products under the TAG HEUER Marks or that Defendants' products are backed by a manufacturer's warranty or any other warranty offered or provided by Plaintiff.

C.    That Defendants be directed to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

D.    That Plaintiff be awarded such damages as it has sustained or will sustain by reason of Defendants' trademark infringement, unfair competition and violation of New York common law, together with appropriate interest on such damages, and that, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, damages awarded thereunder be trebled.

E.     That Defendants be ordered to pay over to Plaintiff all the profits, gains, savings and advantages realized by Defendants from their acts of trademark infringement and unfair competition and their violation of New York common law.

F.     That Defendants be ordered to pay to Plaintiff such exemplary damages as the Court finds appropriate.

G.     That Defendants be ordered to pay to Plaintiff the costs and disbursements of this action.

H.     That Defendants be ordered to pay to Plaintiff its attorney's fees.

I.     That Plaintiff be granted such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              May 13, 2008

                              FROSS ZELNICK LEHRMAN & ZISSU, P.C.

                              By:_____
                                  John P. Margiotta (JM 7356)
                              Michael Chiappetta (MC 7644)
                              866 United Nations Plaza
                              New York, New York  10017
                              (212) 813-5900

                              Attorneys for Plaintiff

11

Exhibit A

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on 2008-05-13 15:21:28 ET**

**Serial Number:** 73583969 Assignment Information          Trademark Document Retrieval

**Registration Number:** 1471988

**Mark**



**(words only):** TAG HEUER

**Standard Character claim:** No

**Current Status:** Section 8 and 15 affidavits have been accepted and acknowledged.

**Date of Status:** 1994-02-17

**Filing Date:** 1986-02-19

**Transformed into a National Application:** No

**Registration Date:** 1988-01-12

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 40S -Scanning On Demand

**Date In Location:** 2007-05-07

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. TAG-HEUER S.A.

**Address:**
TAG-HEUER S.A.
VERESIUSSTRASSE 18

BIENNE
Switzerland
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Switzerland

---

## GOODS AND/OR SERVICES

**International Class:** 009
**Class Status:** Active
TIME MEASURING INSTRUMENTS, NAMELY, ELECTRONIC STOP WATCHES, REMOTE
CONTROL MINI-PRINTER TIMERS, ELECTRONIC AND MANUAL TIMERS, PHOTOCELL
TIMERS, STARTING GATE TIMERS, TELEPHONE LIAISON TIMERS, IMPULSE
DISTRIBUTOR TIMERS, ELECTRONIC PISTOL STARTING TIMERS, MANUAL CONTACTOR
TIMERS
**Basis:** 44(e)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

**International Class:** 014
**Class Status:** Active
CLOCKS, WATCHES AND PARTS THEREOF
**Basis:** 44(e)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

**International Class:** 025
**Class Status:** Active
SPORTSWEAR, NAMELY, T-SHIRTS, POLO SHIRTS, SWEATERS, PARKAS, JOGGING SUITS,
SHORTS, CAPS, HATS, SWEATSHIRTS, GLOVES
**Basis:** 44(e)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

---

## ADDITIONAL INFORMATION

**Description of Mark:** THE MARK CONSISTS OF THE STYLIZED WORDS "TAG" AND
"HEUER", IN A SHIELD DESIGN.

**Design Search Code(s):**
**24.01.02** - Shields or crests with figurative elements contained therein or superimposed thereon
**24.15.10** - Arrows, more than one; More than one arrow
**26.15.08** - Polygons comprised of letters, numerals or punctuation and letters, numerals or punctuation
forming the perimeter of a polygon or bordering the perimeter of a polygon
**27.03.05** - Objects forming letters or numerals

**Foreign Application Number:** 5045
**Foreign Registration Number:** 342898
**Foreign Registration Date:** 1985-08-26
**Country:** Switzerland

**Foreign Filing Date:** 1985-08-26
**Foreign Expiration Date:** 2005-08-26

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2007-05-07 - Case File In TICRS

1994-02-17 - Section 8 (6-year) accepted & Section 15 acknowledged

1993-10-06 - Section 8 (6-year) and Section 15 Filed

1988-11-17 - Section 7 correction issued

1988-08-26 - Section 7 amendment filed

1988-01-12 - Registered - Principal Register

1987-10-20 - Published for opposition

1987-09-18 - Notice of publication

1987-08-14 - Approved for Pub - Principal Register (Initial exam)

1987-07-13 - Communication received from applicant

1987-03-13 - Non-final action mailed

1987-02-13 - Communication received from applicant

1986-10-24 - Non-final action mailed

1986-09-29 - Communication received from applicant

1986-05-15 - Non-final action mailed

1986-04-28 - Assigned To Examiner

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
LINDA L. BERKOWITZ

**Correspondent**
LINDA L. BERKOWITZ
LADAS & PARRY
26 WEST 61ST STREET
LINCOLN CENTER
NEW YORK, NY 10023

**Domestic Representative**
LADAS & PARRY

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on** 2008-05-13 15:21:49 ET

**Serial Number:** 75530962 <u>Assignment Information</u>     <u>Trademark Document Retrieval</u>

**Registration Number:** 2281436

**Mark (words only):** TAG HEUER

**Standard Character claim:** No

**Current Status:** Section 8 and 15 affidavits have been accepted and acknowledged.

**Date of Status:** 2005-04-19

**Filing Date:** 1998-08-04

**Transformed into a National Application:** No

**Registration Date:** 1999-09-28

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 109

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 830 -Post Registration

**Date In Location:** 2005-04-19

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. TAG HEUER S.A.

**Address:**
TAG HEUER S.A.
14a, avenue des Champs-Montants
2074 Marin
Switzerland
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Switzerland

---

## GOODS AND/OR SERVICES

**International Class:** 014
**Class Status:** Active

Clocks, watches and parts thereof
**Basis:** 1(a)
**First Use Date:** 1986-00-00
**First Use in Commerce Date:** 1986-00-00

## ADDITIONAL INFORMATION

**Prior Registration Number(s):**
1471988
1852136
1852480

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2005-04-19 - Section 8 (6-year) accepted & Section 15 acknowledged

2005-04-19 - Assigned To Paralegal

2005-03-25 - Section 8 (6-year) and Section 15 Filed

2005-03-25 - PAPER RECEIVED

1999-09-28 - Registered - Principal Register

1999-07-06 - Published for opposition

1999-06-04 - Notice of publication

1999-02-16 - Approved for Pub - Principal Register (Initial exam)

1999-02-11 - Assigned To Examiner

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
GLENN A GUNDERSEN

**Correspondent**
GLENN A GUNDERSEN
DECHERT PRICE & RHOADS
4000 BELL ATLANTIC TWR

1717 ARCH ST
PHILADELPHIA PA 19103-2793

**Domestic Representative**
Glenn A. Gundersen

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2008-05-13 15:22:02 ET

**Serial Number:** 75854958 Assignment Information          Trademark Document Retrieval

**Registration Number:** 2484514

**Mark**



**(words only):** TAG HEUER

**Standard Character claim:** No

**Current Status:** Registered.

**Date of Status:** 2001-09-04

**Filing Date:** 1999-11-22

**Transformed into a National Application:** No

**Registration Date:** 2001-09-04

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 108

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 830 -Post Registration

**Date In Location:** 2008-03-06

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. TAG HEUER S.A.

**Address:**
TAG HEUER S.A.
14a, Avenue des Champs-Montants

2074 Marin
Switzerland
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Switzerland

## GOODS AND/OR SERVICES

**International Class:** 009
**Class Status:** Active
Apparatus for recording, transmission or reproduction of sound or images, namely telephones and parts thereof, facsimile machines, video recorders, televisions and parts thereof, compact disc players, answering machines, dictating machines; video game machines for use with televisions; magnetic and optical data carriers, namely magnetic encoded cards, integrated circuit cards, pre-recorded compact discs featuring music, optical discs, blank discs for computers, video game cartridges; calculating machines, data processing equipment and computers, namely, computer software for use with apparatus for recording, transmission or reproduction of sound or images; computer software for use with timing equipment; computer software games in the field of sports and culture; modems; notebook computers; electronic agendas; electronic notice boards; optical goods, namely spectacles, sunglasses, spectacle frames, spectacles cases
**Basis:** 44(e)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

**International Class:** 016
**Class Status:** Active
Stationery, namely pads, writing paper, envelopes; stickers; office requisites, namely, pencils, pens, fountain pens, nibs, pen cases, rubber erasers, file folders, jackets for papers; notebooks; postcards, posters, almanacs; calendars
**Basis:** 44(e)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

**International Class:** 028
**Class Status:** Active
Hand-held units for playing electronic games; toys, namely, board games, construction kits, model vehicles and related accessories sold as units, robot toys, remote controlled cars and other vehicles, wooden toys, toy motor cars; gymnastic and sporting articles, namely baseballs, footballs, tennis balls, basketballs, golf balls, soccer balls, table tennis balls, tennis balls and volleyballs; golf bags; golf clubs; badminton rackets, table tennis rackets, tennis rackets, squash rackets and racquetball rackets; skateboards; roller skates; skis; surfboards
**Basis:** 44(e)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

**International Class:** 038
**Class Status:** Active
Telecommunication services, namely cellular telephone communication; telephone communications services; electronic mail and paging services
**Basis:** 44(e)
**First Use Date:** (DATE NOT AVAILABLE)

**First Use in Commerce Date:** (DATE NOT AVAILABLE)

**International Class:** 041
**Class Status:** Active
Providing instruction in the fields of automobile racing, skiing, tennis, golf and athletics; entertainment, namely, amusement arcades; sporting and cultural activities, namely timing of sports events; organization of sports competitions; organization of exhibitions for cultural or educational purposes
**Basis:** 44(e)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

## ADDITIONAL INFORMATION

**Design Search Code(s):**
**24.01.02** - Shields or crests with figurative elements contained therein or superimposed thereon
**24.15.03** - Arrows formed by words, letters, numbers or punctuation
**24.15.10** - Arrows, more than one; More than one arrow
**26.15.20** - Polygons inside one another
**26.15.21** - Polygons that are completely or partially shaded

**Prior Registration Number(s):**
1471988
1852480
2811436

**Foreign Registration Number:** 470125
**Foreign Registration Date:** 1999-09-07
**Country:** Switzerland
**Foreign Expiration Date:** 2009-09-07

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2008-03-06 - Assigned To Paralegal

2008-03-03 - TEAS Section 8 Received

2007-02-01 - Case File In TICRS

2002-09-24 - Section 7 correction issued

2002-01-17 - Section 7 amendment filed

2001-11-09 - Section 7 correction issued

2001-09-26 - Section 7 amendment filed

2001-09-04 - Registered - Principal Register

2001-06-12 - Published for opposition

2001-05-30 - Notice of publication

2001-02-02 - Approved for Pub - Principal Register (Initial exam)

2000-12-20 - Communication received from applicant

2000-12-20 - Communication received from applicant

2000-12-20 - Communication received from applicant

2000-11-29 - Non-final action mailed

2000-10-19 - Communication received from applicant

2000-10-19 - ITU claim deleted

2000-05-12 - Non-final action mailed

2000-05-01 - Assigned To Examiner

2000-04-03 - Assigned To Examiner

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Glenn A. Gundersen

**Correspondent**
Glenn A. Gundersen
Dechert LLP
2929 Arch Street
Cira Centre
PHILADELPHIA PA 19104-2808

**Domestic Representative**
Glenn A. Gundersen

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2008-05-13 15:22:15 ET

**Serial Number:** 76120806 Assignment Information          Trademark Document Retrieval

**Registration Number:** 2787874

**Mark**



**(words only):** TAG HEUER

**Standard Character claim:** No

**Current Status:** Registered.

**Date of Status:** 2003-12-02

**Filing Date:** 2000-09-01

**Transformed into a National Application:** No

**Registration Date:** 2003-12-02

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 103

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 40S -Scanning On Demand

**Date In Location:** 2008-01-25

### LAST APPLICANT(S)/OWNER(S) OF RECORD

1. TAG HEUER, S.A.

**Address:**
TAG HEUER, S.A.
14a, Avenue des Champs-Montants CH - 2074 Marin

Switzerland
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Switzerland

## GOODS AND/OR SERVICES

**International Class:** 018
**Class Status:** Active
Goods made from leather, namely briefcases, card cases, key cases, key holders, traveling sets comprising bags for holding cosmetics and toiletries sold empty, vanity cases sold empty, pen cases, credit card and business card holders, cases for paper pads, bags, namely hand bags, traveling bags, wallets, waist packs, sport bags, backpacks, purses and suitcases
**Basis:** 44(e)
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

## ADDITIONAL INFORMATION

**Design Search Code(s):**
**24.15.02** - Arrows forming any other geometric figure
**26.11.21** - Rectangles that are completely or partially shaded
**26.13.21** - Quadrilaterals that are completely or partially shaded

**Prior Registration Number(s):**
829762
2281436

**Foreign Application Number:** 07183/1992
**Foreign Registration Number:** 401330
**Foreign Registration Date:** 2000-08-23
**Country:** Switzerland
**Foreign Filing Date:** 1992-11-18
**Foreign Expiration Date:** 2012-11-18

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2008-01-25 - Case File In TICRS

2003-12-02 - Registered - Principal Register

2003-09-09 - Published for opposition

2003-08-20 - Notice of publication

2003-07-15 - Approved for Pub - Principal Register (Initial exam)

2003-04-28 - Communication received from applicant

2003-04-25 - Non-final action mailed

2003-04-15 - Previous allowance count withdrawn

2001-11-15 - ITU claim deleted

2003-01-06 - PAPER RECEIVED

2003-01-14 - Published for opposition

2002-12-25 - Notice of publication

2002-11-07 - Approved for Pub - Principal Register (Initial exam)

2002-09-05 - Communication received from applicant

2002-09-05 - PAPER RECEIVED

2002-03-04 - Non-final action mailed

2001-11-15 - Communication received from applicant

2001-05-15 - Non-final action mailed

2001-04-04 - Assigned To Examiner

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Glenn A. Gundersen

**Correspondent**
GLENN A. GUNDERSEN
BELL ATLANTIC TOWER
1717 ARCH ST
PHILADELPHIA PA 19103-2713

**Domestic Representative**
Glenn A. Gundersen